

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-06161

*Law and Policy Section*
*P.O. Box 7415*
*Washington, DC 20044-7415*

*Telephone (202) 514-1442*
*Facsimile (202) 514-4231*

July 17, 2023

PROVIDED TO COUNSEL OF RECORD
TO SUBMIT TO THE COURT VIA ECF

Clerk's Office
United States District Court
Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

      Re:    Eden Environmental Citizen's Group v. Cardinal Paint and Powder, Inc., Case
             No. 4:23-cv-01082 (N.D. Cal.)

Dear Clerk of Court:

      I am writing to notify you that the United States has reviewed the proposed settlement agreement in this action and does not object to its entry by this Court.

      On June 1, 2023, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent judgment in the above-referenced case for review pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3).[1] This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

---

[1] The term "consent judgment" in the Clean Water Act citizen suit provisions has a broad meaning and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case. For example, a document stipulating to dismissal of a case of any part thereof is within the scope of this language. Such documents and any associated instruments must be submitted to the United States and the court for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials. The Department monitors citizen suit litigation to review compliance with this requirement.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.

In its review, the United States seeks to ensure that the proposed settlement agreement complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed settlement agreement should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or an environmentally beneficial project payment sufficient to deter future violations, or combinations of the above.

In this case, the proposed settlement agreement requires, *inter alia*, that Cardinal Paint and Powder, Inc. submit a payment to a non-party organization to be used for projects to improve water quality within the San Francisco Bay and greater Sacramento areas. Where a consent judgment provides for the payment of sums to a third party that is to undertake an environmentally beneficial project and/or acquire a property interest that will have environmental benefits, the United States typically requests that the third party provide a letter to the Court and to the United States representing that it is a 501(c)(3) tax exempt entity and that it: (1) has read the proposed consent judgment; (2) will spend any monies it receives under the proposed judgment for the purposes specified in the judgment; (3) will not use any money received under the proposed consent judgment for political lobbying activities; and (4) will submit to the Court, the United States, and the parties a letter describing how the funds were spent. In a letter attached as Exhibit A, the intended recipient of the funds confirmed that any funds received as a result of the proposed settlement agreement would be used solely for the purpose outlined in the consent decree and no portion of the funds would be used for political lobbying activities. The United States believes that this letter will help to ensure that any monies expended under the settlement agreement will be used in a manner that furthers the purposes of the Clean Water Act and that is consistent with the law and the public interest.

Given the facts of this case, the United States has no objection to the proposed settlement agreement. The fact that we do not have a basis to object to this settlement agreement does not imply approval of this instrument.

The United States affirms for the record that it is not bound by this settlement. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the

parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications. *See* 33 U.S.C. §1365(c)(3).

We appreciate the attention of the Court. Please contact the undersigned at (202) 616-9473 if you have any questions.

Sincerely,

*/s/ Christine Ennis*

_____

Christine Ennis, Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 7415
Washington, D.C. 20044-4390

cc:   Counsel on Record via ECF

# EXHIBIT A

Case 4:23-cv-01082-KAW   Document 11   Filed 07/17/23   Page 4 of 6



**SFEI | AQUATIC SCIENCE CENTER**   4911 Central Ave, Richmond, CA 94804, p: (510) 746-7334, f: (510) 746-7300   www.sfei.org

June 21, 2023

Matthew Oakes
U.S. Department of Justice
Environment & Natural Resources Division
Via email: Matthew.Oakes@usdoj.gov
cc: Whitlee.Dean@usdoj.gov

RE:   Eden Environmental v. Cardinal Paint and Powder
      U.S. District Court, Northern District of California - Case No. 4:23-cv-01082

To Whom it May Concern,

This letter is intended to provide assurance that I have received and read the proposed Settlement Agreement between Eden Environmental Citizen's Group, LLC vs Cardinal Paint and Powder and that I am authorized by my Board of Directors to make the following binding commitments on behalf of the San Francisco Estuary Institute (SFEI).

1) I understand that San Francisco Estuary Institute should receive funds from Cardinal Paint and Powder as specified in the consent judgment. San Francisco Estuary Institute shall only use these funds for projects to improve water quality within the San Francisco Bay and greater Sacramento areas. These funds will not be used for political lobbying activities.

2) San Francisco Estuary Institute is planning to use the funds to support work on water quality issues in San Francisco Bay through support of projects on per- and polyfluoroalkyl substances (PFAS), microplastics, and other emerging contaminants.

3) Following the expenditure of funds, San Francisco Estuary Institute will submit a letter to the Court, the United States, and the parties, describing how the funds were spent.

The San Francisco Estuary Institute is a 501(c)(3) non-profit organization (tax ID# ███████ ). Our mission is to provide scientific support and tools for decision-making and communication through collaborative efforts. We provide independent science to assess and improve the health of the waters, wetlands, wildlife and landscapes of San Francisco Bay, the California Delta and beyond. To fulfill this mission, San Francisco Estuary Institute conducts the following activities:

1) Implements the Regional Monitoring Program for Water Quality in San Francisco Bay which provides water quality regulators and policy-makers with information they need to manage the Bay effectively. The RMP is an innovative collaborative effort between SFEI, the Regional Water Quality Control Board, and the regulated discharger community. The Program was established in 1993, and has an annual budget of $3.5 million.

2) Implements the Nutrient Management Strategy for San Francisco Bay which includes teams of regional scientists to develop the necessary scientific understanding to allow regulators and stakeholders to make informed decisions about i) whether the Bay is trending toward nutrient-related impairment; ii) what nutrient reductions are needed to mitigate or prevent impairment; and iii) sub-regional and regional approaches that achieve necessary reductions and yield the highest ratios of overall benefits to cost.

I hope this provides you with the information you require. Please do not hesitate to contact me with any questions you might have.

Sincerely,

*Warner Chabot*

Warner Chabot
Executive Director of San Francisco Estuary Institute

No goods or services were provided in exchange for this gift. SFEI is an exempt organization as described in Section 501(c)(3) of the Internal Revenue Code. Our Federal Tax I.D. number is ███████.